# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MIKELL MCCALL,**

    **Plaintiff,**

    v.

**Civil Action 2:18-cv-228**
**Judge Algenon L. Marbley**
**Magistrate Judge Elizabeth P. Deavers**

**MARK STEGEMOLLER,**

    **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Mikell McCall, a state inmate who is proceeding without the assistance of counsel, brings this action against Mark Stegemoller. (ECF No. 1.) This matter is before the Court for consideration of Plaintiff's Motions for Leave to Proceed *in forma pauperis*. (ECF Nos. 3, 5.) In compliance with the Court's prior Orders and deficiency notices (ECF Nos. 2, 4, 6), Plaintiff has now submitted a revised motion for leave to proceed *in forma pauperis* (ECF No. 5) and a certified copy of his prison trust fund account (ECF No. 9).[1] Accordingly, his revised Motion for Leave to Proceed *in forma pauperis* (ECF No. 5) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Plaintiff's initial Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) is therefore **DENIED AS MOOT**.

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim

---

[1] Plaintiff has also updated his address with the Court. (ECF No. 8.)

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

---

[1]Formerly 28 U.S.C. § 1915(d).

2

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim

asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff alleges, in part, as follows:

> In March 2017, when I was in Ross Correctional I made a false statement to Prea[2] indicating I wanted to sexually harm another person, because I thought if I made that statement it would get me to Mansfield Prison. The reason I wanted to transfer to Mansfield is because Mansfield is closer to my home. Mansfild [sic] also have [sic] the Sore [sic] program for sex offenders.
>
> I was honestly trying to manipulate Prea by making that false statement, but in return Prea never helped me instead Prea just made my life worse by tagging me a preditor [sic].

(ECF No. 1 at PAGEID # 5.) Plaintiff goes on to allege that he never sexually assaulted anyone and that he wants the predator designation removed because it has foreclosed employment and education opportunities and caused him additional mental health problems. (*Id*. at PAGEID ## 5–6.) The last sentence of the Complaint alleges that Defendant "Mark Stegemoller never offered me help, he only tagged me as a preditor [sic][.]" (*Id*.) The Complaint contains no other allegations against Defendant.

As a preliminary matter, Plaintiff does not identify whether he is suing Defendant in his official or personal capacity. (*See generally* Complaint, ECF No. 1.) Construing liberally, *see Haines*, 404 U.S. at 520, the Court assumes he sues Defendant in both his personal and official capacities. However, to the extent that Plaintiff brings claims under 42 U.S.C. § 1983 against Defendant in his official capacity, these claims are not cognizable. *See Gean v. Hattaway*, 330

---

[2] The Court notes that the website for the Ohio Department of Rehabilitation and Correction addresses the Prison Rape Elimination Act ("PREA") and provides information and links regarding sexual violence and misconduct, including reporting sexual misconduct. Ohio Department of Rehabilitation & Correction, http://drc.ohio.gov/prea (last visited June 5, 2018).

4

F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

Next, Plaintiff's allegation that Defendant "never offered" help, but simply labeled him a predator, is vague and conclusory. Plaintiff provides no factual allegations to support this claim. (*See generally* ECF No. 1.) Plaintiff's conclusory allegation is therefore insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66.

Finally, to the extent Plaintiff intends to invoke PREA, that claim is likewise unavailing. PREA does not grant inmates substantive rights and nothing in PREA indicates that it created a private right of action. *See Wiggins v. Sisco*, No. 17-cv-3080, 2018 WL 1035161, at *3 (D. Kan. Feb. 23, 2018) ("[T]he PREA does not create substantive rights for prisoners. In other words, Plaintiff has no enforceable right to have the procedures required by the PREA followed and no right to enforce those procedures here."); *Fair v. Stirling*, No. 6:14-cv-4882, 2015 WL 11122001, at *1 (D. S.C. Feb. 4, 2015) ("However, PREA does not grant prisoners specific rights and cannot be the basis of a Section 1983 claim." (citing De'lonta v. Clarke, No. 7:1 l-cv-00483, 2013 WL 209489 at *3 (W.D. Va. Jan. 14, 2013)).

## III.

Plaintiff's Revised Motion for Leave to Proceed *in forma pauperis* (ECF No. 5) is **GRANTED**. Plaintiff's initial Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) is **DENIED AS MOOT**. For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims in their entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: June 6, 2018     /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE